**Freddy Walter BERREZUETA–BERREZUETA, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–74418.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 20, 2009.

---

Usman B. Ahmad, Esquire, Law Office of Ahmad & Horn, Long Island, NY, for Petitioner.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Freddy Walter Berrezueta–Berrezueta, a native and citizen of Ecuador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003), and we review due process claims de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

■ The IJ did not abuse its discretion in denying Berrezueta–Berrezueta's motion to reopen as untimely and numerically barred where the motion was filed nearly sixteen months after the IJ's decision and was his second motion to reopen, and Berrezueta–Berrezueta failed to show changed circumstances in Ecuador to qualify for the regulatory exemption to the time and numerical bar. *See* 8 C.F.R. § 1003.23(b)(4)(i); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) ("The critical question is ... whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

■ Berrezueta–Berrezueta also contends the IJ violated his due process rights by not allowing him to present evidence of changed circumstances at an evidentiary hearing. Because the BIA considered the affidavits and country condition informa-

tion attached to Bhatti's motion to reopen, he cannot show a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (holding petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

